UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABRIEL HENEO, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>–against–<br><br>ROBIN'S FRESH PIZZA INC. d/b/a PAPA JOHN'S PIZZA, RAVI CHOPRA, and SURINDER CHOPRA, jointly and severally,<br><br>Defendants. | **FIRST AMENDED COMPLAINT AND JURY DEMAND**<br><br>11 CV 2492 (FB) (JO) |

## NATURE OF THE ACTION

1.  Plaintiff alleges on behalf of Plaintiff and other similarly situated current and former employees of the Defendants who elect to opt in to this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., that Plaintiff and the Collective Action Members are entitled to (i) unpaid minimum wages from Defendants for hours Plaintiff and the Collective Action Members worked for which Defendants did not pay Plaintiff and the Collective Action Members the full minimum wage; (ii) unpaid wages from Defendants for overtime work for which Defendants did not pay Plaintiff and the Collective Action Members overtime premium pay, as required by law; (iii) liquidated damages, and (iv) attorney's fees and costs of the action.

2.  Plaintiff further alleges, pursuant to the New York Labor Law, Art. 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), that Plaintiff is entitled to (i) unpaid minimum wages from Defendants for hours Plaintiff worked for which Plaintiff was not paid the full minimum wage; (ii) unpaid wages from Defendants for overtime work for which Plaintiff was not paid overtime premium pay, as required by law; (iii) unpaid spread of hours wages from

Defendants for each day Plaintiff worked 10 or more hours, 12 N.Y.C.C.R. § 142-2.4; (iv) unpaid uniform maintenance allowance from Defendants for Plaintiff's maintaining and laundering of Plaintiff's required uniforms, 12 N.Y.C.R.R. § 137-1.8; (v) unpaid reimbursement to Plaintiff from Defendants for Plaintiff's expenses to purchase Plaintiff's required uniforms, 12 N.Y.C.R.R. § 137-1.8; (vi) liquidated damages equal to 25 percent of Plaintiff's unpaid overtime wages, minimum wages, and spread of hours wages; (vii) and attorney's fees and costs of the action.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff Gabriel Henao was, at all relevant times, an adult individual, residing in Queens County, New York.

7. Upon information and belief, Defendant Robin's Fresh Pizza Inc. d/b/a Papa John's Pizza is a New York business corporation, with its principal place of business in Queens County, New York.

8. Upon information and belief, Defendant Ravi Chopra is an individual residing in New York.

9. Upon information and belief, Defendant Surinder Chopra is an individual residing in Nassau County, New York.

## COLLECTIVE ACTION ALLEGATIONS

10. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since three years prior to the date of this complaint, to the entry of judgment in this case ("Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid minimum wage, or overtime compensation at rates not less than one-half times the regular rate of pay for hours worked in excess of forty per workweek ("Collective Action Members").

11. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are approximately 20 members of the class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

12. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

13. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively

small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

14. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. whether Defendants employed the Collective Action Members within the meaning of the FLSA;

    b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    c. whether Defendants failed to pay the Collective Action Members minimum wage compensation for hours worked, in violation of the FLSA and the regulations promulgated thereunder;

    d. whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    e. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

    f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g.  whether Defendants should be enjoined from such violations of the FLSA in the future.

## STATEMENT OF FACTS

15. At all relevant times, Defendants operated restaurant franchises of Papa John's Pizza, including one at 162-02 Union Turnpike, Fresh Meadows, New York.

16. At all relevant times, Defendant Surinder Chopra was the owner of Robin's Fresh Pizza Inc. d/b/a Papa John's Pizza.

17. At all relevant times, Defendant Ravi Chopra was the manager of the restaurant franchise at 162-02 Union Turnpike, Fresh Meadows, New York.

18. At all relevant times, Defendants Ravi Chopra and Surinder Chopra were individuals who actively participated in the business of Robin's Fresh Pizza Inc. d/b/a Papa John's Pizza, exercised substantial control over the functions of the employees of Robin's Fresh Pizza Inc. d/b/a Papa John's Pizza, including Plaintiff, and acted directly or indirectly in the interest of employers.

19. Approximately from November 2007 through February 2009 and November 2009 through the present, Plaintiff was employed as a delivery person for Defendants at Defendants' restaurant.

20. Plaintiff worked for Defendants approximately between 42 and 67 hours per week for a wage of $6.00 per hour.

21. Defendants paid Plaintiff and the Collective Action Members less than the applicable minimum wage for many if not all of the hours Plaintiff and the Collective Action Members worked.

22. Plaintiff and the Collective Action Members worked in excess of 40 hours a week, yet Defendants willfully failed to pay Plaintiff and the Collective Action Members overtime compensation of one and one-half times the applicable minimum wage, in violation of the FLSA and the NYLL.

23. Plaintiff worked in excess of ten hours some days, yet Defendants willfully failed to pay Plaintiff spread of hours compensation for an extra hour in each day Plaintiff worked over ten hours, in violation of 12 N.Y.C.C.R. § 142-2.4.

24. Plaintiff was required to wear a uniform, some or all of which Plaintiff purchased at Plaintiff's expense from Defendants at the beginning of Plaintiff's employment and subsequently as required to maintain Defendants' requirements, yet Defendant failed to reimburse Plaintiff for Plaintiff's expenditures, as required by NYLL.

25. At many if not all times during Plaintiff's employment by Defendants, Defendants failed to launder or maintain the required uniforms, and Plaintiff was required to launder and maintain Plaintiff's uniforms at Plaintiff's expense, and Defendants failed to pay an allowance to Plaintiff for uniform maintenance, as required by NYLL.

26. Upon information and belief, while Defendants employed Plaintiff, Defendants failed to maintain accurate and sufficient time records.

**FIRST CLAIM FOR RELIEF:**
**FAIR LABOR STANDARDS ACT**

27. Plaintiff, on behalf of himself and the Collective Action Members, realleges and incorporates by reference paragraphs 1 through 26 as if they were set forth again herein.

28. At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

6

29. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

30. Upon information and belief, at all relevant times, Defendant Robin's Fresh Pizza Inc. d/b/a Papa John's Pizza has had gross revenues in excess of $500,000.

31. Defendants willfully failed to pay Plaintiff and the Collective Action Members at the applicable minimum wage, contrary to the requirements of the FLSA, 29 U.S.C. § 206.

32. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff and the Collective Action Members for Plaintiff's and the Collective Action Members' hours worked in excess of forty hours per workweek.

33. As a result of Defendants' willful failure to lawfully compensate Plaintiff and the Collective Action Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

34. Due to Defendants' FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants Plaintiffs' and the Collective Action Members' unpaid minimum wage and overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

35. As a result of Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

## SECOND CLAIM FOR RELIEF: NEW YORK LABOR LAW

37. Plaintiff realleges and incorporates by reference paragraphs 1 through 36 as if they were set forth again herein.

38. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

39. From January 1, 2007, until July 23, 2009, the applicable minimum wage was $7.15 per hour, and from July 24, 2009, and onwards, $7.25, according to N.Y. Labor Law § 652(1).

40. From January 1, 2007, until July 23, 2009, the uniform maintenance rate for employees working over 30 hours per week was $8.90 per week, and from July 24, 2009, and onwards, $9.00, according to N.Y.C.R.R. § 137-1.8.

41. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff the applicable minimum wage for many if not all of the hours Plaintiff worked, in violation of New York Labor Law § 592(1).

42. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at a rate not less than one and one-half times the applicable minimum wage for each hour Plaintiff worked in excess of forty hours per workweek.

43. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff spread of hours compensation, an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the NYLL and 12 N.Y.C.C.R. § 142-2.4.

8

44.     Defendants willfully violated Plaintiff's rights by failing to reimburse Plaintiff's expenses to purchase Plaintiff's uniforms required for employment by Defendants, in violation of the NYLL and N.Y.C.R.R. § 137-1.8.

45.     Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff for uniform maintenance, in violation of the NYLL and N.Y.C.R.R. § 137-1.8.

46.     Defendants' NYLL violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

47.     Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants Plaintiff's unpaid overtime compensation, damages for unreasonably delayed payment of wages, uniform allowances, and reimbursement of expenses to purchase uniforms, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and the Collective Action Members, respectfully requests that this Court grant the following relief:

  a.    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

  b.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

  c. An injunction against the Defendant corporation and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

  d. An award of unpaid overtime compensation and minimum wage compensation due under the FLSA;

  e. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation and minimum wages compensation pursuant to 29 U.S.C. § 216;

  f. An award of unpaid minimum wage compensation, overtime compensation, spread of hours compensation, uniform expense reimbursement, and uniform maintenance due under the NYLL;

  g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wage compensation, overtime compensation, spread of hours compensation, uniform expense reimbursement, and uniform maintenance pursuant to the NYLL;

  h. An award of prejudgment and postjudgment interest;

  i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

  j. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, behalf of himself and the Collective Action Members, demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
August 24, 2011

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: /s/ BL Sh

Brandon D. Sherr (BS2680)
bsherr@zellerlegal.com
Justin A. Zeller (JZ7094)
jazeller@zellerlegal.com
277 Broadway Ste 408
New York, NY 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246

GOTTLIEB & ASSOCIATES
Jeffrey M. Gottlieb (JG7905)
nyjg@aol.com
Dana Lauren Gottlieb (DG6151)
danalgottlieb@aol.com
150 E 18th St PH R
New York, NY 10003-2461
Telephone: (212) 228-9795
Facsimile: (212) 982-6284

**ATTORNEYS FOR PLAINTIFF**